# 564786

ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**AARON FRANCIS BORCK,**

      Plaintiff,

Case: 2:07-cv-15124
Judge: Battani, Marianne O
Referral MJ: Whalen, R. Steven
Filed: 12-03-2007 At 01:42 PM
CMP BORCK V COUNTY OF LENAWEE, ET AL (EW)

v.

**COUNTY OF LENAWEE,** a Municipal Corporation,
**SHERIFF LAWRENCE RICHARDSON, JR.,**
**BONIE MASON, SGT. MARY LOUISE NEILL,**
**GUARD HENRY (last name unknown) AND PATTY (last name unknown)**
in their individual and official capacities,
      Defendants,
_____/

**DAVID A. ROBINSON P 38754**
***ROBINSON AND ASSOCIATES, P.C.***
Attorney for Plaintiff
28145 Greenfield Rd., Suite 100
Southfield, MI 48076
(248) 423-7234
_____/

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY

NOW COMES the Plaintiff AARON FRANCIS BORCK, by and through his attorneys, Robinson and Associates, P.C., through David A. Robinson, and for his Complaint against the Defendants, state as follows:

### JURISDICTION, VENUE AND PARTIES

1. This is an action seeking to redress the wrongs committed in violation of the constitutional rights of Aaron Borck, by Lenawee County, the Lenawee County Sheriff, and various officers/personnel employed at the Lenawee County Jail, pursuant to 42 USC § 1983. The said officers, acting at all relevant times under the color of state law, demonstrated deliberate indifference to the serious medical needs of Aaron Borck, in violation of his rights under the Eighth and Fourteenth Amendments to the United States Constitution, as well as state

law. The actions taken against Plaintiff resulted in severe physical and emotional injury, monetary damage, distress, requiring him to be placed under additional medical supervision and require additional medical treatment including surgeries, and also causing, but not limited to, humiliation, anxiety, permanent disfigurement and other physical ailments and emotional damages. Defendants' conduct is so egregious and outrageous and intentional, that Plaintiff seeks punitive damages.

2. Jurisdiction is conferred by 28 USC §'s 1331 and 1343(a)(3) and (4) and venue lies in the Eastern District of Michigan, Southern Division pursuant to 28 USC 1391(b).

3. Plaintiff Aaron Borck is a resident of the City of Hudson, County of Lenawee, State of Michigan.

4. Defendant Lenawee County is a municipal corporation organized and existing under the constitution and laws of the State of Michigan, and the Lenawee County Sheriff's Office is a political subdivision of Lenawee County.

5. Defendant Sheriff Lawrence Richardson, who is being sued in his individual and official capacity, is a resident of the Town of Blissfield, Lenawee County, Michigan and at all material times was the duly elected Sheriff in Lenawee County and head of the Lenawee County Sheriffs Office.

6. Defendant Mary Louise Neill is a resident of the Town of Blissfield, Lenawee County, Michigan and at all material times was employed by the Lenawee County Sheriff's Office as a corrections officer, and is sued in her individual capacity.

7. Defendant Bonie Mason is a resident of the Town of Blissfield, Lenawee County, Michigan and at all material times was employed by the Lenawee County Sheriff's Office as a nurse, and is sued in her individual capacity.

8. Defendants Patty and Henry are residents of the Town of Blissfield, Lenawee County, Michigan and at all material times was employed by the Lenawee County Sheriff's Office as a corrections officer, and are sued in their individual capacities.

9. At all times relevant to this complaint, Defendants were acting within the scope of their employment and under color of law.

10. At all material times, Defendant Lenawee County employed all Defendant officers and is liable because its policies, practices, and customs, which were defective, resulted in injury to Plaintiff.

## GENERAL ALLEGATIONS

11. On or about January 12, 2007, Plaintiff Aaron Borck was found to be in violation of his probation by having missed an Alcoholics Anonymous meeting, and was sentenced to ninety (90) days in the Lenawee County Jail, with a release date of March 27, 2007.

12. Within a short time after being placed in a cell at the Lenawee County Jail (15 days) Plaintiff was given the designation of a "trustee."

13. On Wednesday, March 14, 2007, Plaintiff began complaining of stomach pains to various officers and/or deputies making rounds at the jail, including Henry and Patty.

14. Between the early morning hours of March 14, 2007 and up until March 15, 2007 at approximately 11:00 a.m., Plaintiff was denied his request to see a jail nurse or physician regarding his stomach pains.

15. On or about March 15, 2007, at 11:00 a.m., one of the deputies and/or officers finally took Plaintiff to see the nurse.

16. Upon information and belief, the nurse at the jail, Bonnie Mason, determined Plaintiff's complaint to be not serious, and issued an enema kit to Plaintiff.

3

17. On March 15, 2007, Plaintiff continued to complain of stomach pains to various officers and/or deputies making rounds at the jail, including Henry.

18. Between March 15, 2006 and up until March 19, 2007 Plaintiff was denied his request to see a jail nurse or physician regarding his continuing stomach pains.

19. On or about March 19, 2007, sheriff Leon France finally took Plaintiff to see Dr. Stickney in Tecumseh, who realized right away that Plaintiff's complaint was quite serious and Plaintiff was taken from the jail to Bixby Hospital where it was determined that his appendix had ruptured while he was in the Lenawee County jail, causing acute gangrenous appendicitis with pericecal abscess, periappendicitis, peritonitis extending to the ileal and colonic mesentery with focal necrosis and micro abcess formation, and appendicoliths, and emergency surgery was required.

20. Plaintiff was immediately placed on intravenous antibiotics, and shortly thereafter, transported to Harrick Memorial Hospital, where a right hemicolectomy was performed because the entire right colon and terminal ileum were non viable and necrosis of the tissue had set in. surgery was performed.

21. Plaintiff remained in the hospital for eight (8) days.

22. Plaintiff was discharged from the hospital with a wound-vac to cleanse his wounds (three, 2"x2" gaping gashes) between dressing changes, and prescriptions for ibuprofen, percocet, docusate, cipro and flagyl.

23. Upon information and belief, when the Lenawee County Sheriff's delivered Plaintiff to the hospital, they attempted to drop Plaintiff from the Blue Cross insurance provided to inmates by giving him the designation of a "technical release" on the date of March 19, 2007, although Plaintiff was an inmate through March 26, 2007.

4

24. Plaintiff has received bills from the County of Lenawee for Inmate Housing through March 26, 2007.

25. Upon information and belief, Lenawee County has refused to pay for the medical care, transport and emergency surgery required to be performed on the Plaintiff as a direct result of the County's refusal to provide timely medical care for their inmate, Plaintiff Borck.

## COUNT I - FEDERAL CONSTITUTIONAL VIOLATIONS

26. Plaintiff hereby incorporates by reference the preceding paragraphs as though fully set forth herein.

27. All the Defendants, at all times herein, owed Plaintiff the duty of protecting his federal constitutional rights, including the following guaranteed rights:

   a. the right to adequate medical attention while in custody of Defendants;

   b. the right to be free from bodily harm and injury caused unjustifiably while in custody of Defendants.

28. These Defendants, acting under color of state law, violated these rights by denying Plaintiff medical attention to a serious medical need in a reasonably foreseeable time after Plaintiff originally complained about the problem.

29. As a direct result of the Defendants' conduct, Plaintiff was caused to sustain severe, intractable and constant pain for a period of six (6) days before being seen by medical professionals.

30. Ultimately Plaintiff was taken to the hospital and emergency surgery was performed to remove portions of his colon.

31. These actions on the part of all Defendants violated the United States Constitution, particularly the Eighth and Fourteenth Amendments, which is actionable pursuant to 42 USC §1983.

5

32. As a result of Defendants actions and omissions, Plaintiff has suffered damages which include but are not limited to the following: great pain, mental anguish, emotional distress, disfigurement, embarrassment, and humiliation, surgery and permanent serious disfigurement and permanent scarring, and other permanent disabilities.

WHEREFORE, for all the above reasons, Plaintiff Aaron Borck, demands judgment against Defendants, jointly and severally, in whatever amount he is found to be entitled, as determined by the trier of fact, together with punitive and/or exemplary damages, costs, interests, attorney fees, including but not limited to such attorney fees as are allowable under 42 USC §1988.

## COUNT II - DEFENDANT LENAWEE COUNTY AND LENAWEE COUNTY SHERIFF LAWRENCE RICHARDSON, JR. VIOLATION OF FEDERAL RIGHTS

33. Plaintiff hereby incorporates by reference the preceding paragraphs as though set forth fully herein.

34. The Defendants, and each of them, owed duties to Plaintiff, Aaron Borck, which included the duty to provide reasonable and adequate medical attention in a reasonably foreseeable time after Plaintiff's original complaints about severe stomach pain. In addition, these duties include the duty to implement and monitor an adequate hiring and training program for all officers and deputies working at the Lenawee County Jail so that they would be capable of making decisions about the need for medical care which arose when there was not a health care professional present.

35. These Defendants failed in these above duties to adequately train detention facility/jail personnel, and historically have had a policy, custom, and practice of failing to implement an adequate training program to properly train detention facility/jail personnel.

36. These Defendants adopted, ratified and/or implemented the policies, practices and procedures which denied Plaintiff, Aaron Borck, medical treatment within a reasonable period of

6

time and did so with deliberate indifference to the Plaintiff's serious medical needs thereby violating Plaintiff's constitutional rights.

37. The acts and omissions of the Defendants taken pursuant to the de facto policies, practices and procedures, adopted, ratified and/or implemented by Defendants, impermissibly condoned and allowed for the denial of proper medical care and treatment to residents of the Lenawee County Jail, such as Plaintiff, which amounts to deliberate indifference in the denial of such detainees' civil rights as are guaranteed by the Constitution of the United States.

38. The aforesaid acts and omissions of Defendants were all committed under color of law and under color of their official authority as a County, County Department, County officers/employees and/or peace officers.

39. The acts and omissions of the Defendants constituted deliberate indifference to the serious and apparent medical needs of Plaintiff in violation of the Eighth and Fourteenth Amendments to the Constitution of the United States and, hence, are actionable under 42 USC §1983.

40. Despite Defendant's knowledge of the said illegal policies, practices and procedures, Defendant's supervisory policy making officers and officials or employees of Lenawee County, as a matter of policy, practice and procedure, said Defendants:

    a. failed to take appropriate and necessary steps to discover and determine that said policies, practices and procedures had and would continue to result in injuries to Plaintiff and those similarly situated; specifically, Defendants failed to have a policy of assessing serious medical need for illnesses common to an ordinary person or, if having such policy, failed to enforce the same.

    b. failed to discipline and properly supervise the individual officers, deputies, and employees who engaged in the said acts pursuant to these policies, practices and procedures which resulted in Plaintiff's injury;

    c. failed to effectively train and supervise the said individual Defendants with regard to the proper constitutional and statutory limits of their authority;

    d.    ratified said policies, practices and procedures which caused Plaintiff's injury through their deliberate indifference to the effect of said policies, practices and procedures on the constitutional rights of citizens such as Plaintiff;

    e.    failed to formulate or adopt appropriate policies, practices and procedures to instruct and train employees and jail personnel in the implementation of such policies, practices and procedures to protect inmates similarly situated to Plaintiff;

    f.    adopt and ratify policies, practices and procedures which constitute a violation of the United States Constitution, or played a significant causal role in denial of the constitutional rights of Plaintiff.

41.    As a result of Defendants actions and omissions, Plaintiff has suffered damages which include but are not limited to the following: great pain, mental anguish, emotional distress, disfigurement, embarrassment, and humiliation.

    WHEREFORE, for all the above reasons, Plaintiff Aaron Borck, demands judgment against Defendants, jointly and severally, in whatever amount he is found to be entitled, as determined by the trier of fact, together with punitive and/or exemplary damages, costs, interests, attorney fees, including but not limited to such attorney fees as are allowable under 42 USC §1988.

## COUNT III - FEDERAL UNITED STATES CONSTITUTIONAL VIOLATIONS BY INDIVIDUAL DEFENDANTS

42.    Plaintiff hereby incorporates by reference the preceding paragraphs as though set forth fully herein.

43.    The individual Defendants owed a duty to Plaintiff as a resident detainee of the Lenawee County Jail to provide him with appropriate and reasonable medical care upon being told of his medical complaints, including but not limited to:

    a.    proper monitoring of Plaintiff's health and physical condition;

    b.    regularly examining Plaintiff for signs and symptoms of medical illness or disease after he had made complaints regarding such;

    c.    detecting signs and symptoms of Plaintiff's serious health condition and providing timely intervention of the same.

44. Despite the individual Defendants' knowledge of the ongoing suffering of the Plaintiff, they refused to take reasonable steps to provide for Plaintiff's safety and provide medical attention, at variance with constitutional standards as follows:

    a.    failing to take heed of the seriousness of Plaintiff's complained of condition when they knew or should have known that the Plaintiff was suffering from a serious medical condition, in this case appendicitis, which can be potentially fatal if the patient is not properly attended to;

    b.    failing to have Plaintiff evaluated by a medical professional within a reasonable time of his registering complaints of his condition while in the custody of Defendants, when he was suffering from a potentially fatal medical condition;

    c.    failing to have Plaintiff evaluated at the jail by a nurse, doctor and/or emergency medical service technician when he was in need of immediate medical attention and supervision.

    d.    failing to transport Plaintiff to a medical facility within a reasonable time of his complaints which would have successfully treated Plaintiff's condition without requiring emergency surgery which resulted in his scar;

    e.    failing to investigate and communicate the severity of Plaintiff's condition when he was suffering in his cell and in the custody of the Lenawee County Sheriff's Department;

    f.    failing to order Plaintiff immediate hospitalization and provide the necessary treatment for the well known dangers regarding his complaint.

45. As a direct and proximate result of the individual Defendants failing to respond to Plaintiff's request for medical assistance, Plaintiff has sustained Plaintiff has suffered damages which include but are not limited to the following: great pain, mental anguish, emotional distress, embarrassment, and humiliation.

## COUNT IV - STATE LAW VIOLATION--GROSS NEGLIGENCE

46. Plaintiffs repeat and re-allege the preceding paragraphs as if fully set forth.

9

47. The individual Defendants owed a duty to Plaintiff Aaron Borck as a detainee of the Lenawee County Jail to provide him with appropriate and reasonable medical care consistent with the appropriate community standard, including but not limited to:

   a. Proper monitoring of Plaintiff's health and physical condition;

   b. Proper, appropriate and necessary diagnosis, treatment and care of his physical complaints;

   c. Regularly checking on Plaintiff's decedent for signs and symptoms of medical illness; and

   d. Detecting signs and symptoms of medical illness and attending to his complaints by referring him to the appropriate medical professional.

48. Despite the individual Defendant's multiple contacts with Plaintiff and his multiple complaints of pain in his lower stomach area and the complaints of others in the cell with Mr. Borck, the individual Defendants' refusal to take reasonable steps to provide him medical attention and were grossly negligent in the following particulars:

   a. Failing to provide Plaintiff with any medical care and attention for over 24 hours even though he and other cellmates consistently complained of his stomach distress;

   b. Providing Plaintiff with an enema when he did not have constipation or any condition that an enema kit would alleviate;

   c. Failing to monitor Plaintiff after he had taken the enema to see whether it was the appropriate medical treatment;

   d. Failing to check with a person with competent training and/or ability to diagnose Aaron Borck's stomach condition;

   e. Failing to transport Plaintiff to a medical facility or doctors office for evaluation and treatment;

   f. Failing to investigate and/or communicate the severity of Plaintiff's stomach condition to anyone who would understand that this was something other than a simple upset stomach; and

   g. Failing to follow the procedures implemented by the jail and/or failing to implement the proper procedures to take care of inmates such as the Plaintiff.

49. Based on the above facts plead in avoidance of governmental immunity, individual Defendants' conduct is exempt from governmental immunity pursuant to MCL 691.1407, because the individual Defendant's conduct in withholding medical care for many hours, then providing inappropriate medical care and failing to monitor the Plaintiff was grossly negligent in that such conduct was so reckless as to demonstrate a substantial lack of concern for whether an injury to Plaintiff resulted.

50. As a direct and proximate result of the individual Defendants' gross negligence, Plaintiff sustained the damages previously enumerated which are incorporated by reference herein, and, therefore, Plaintiff requests damages compensable under Michigan law.

WHEREFORE, for all of the above reasons, Plaintiff Aaron Borck demands judgment against the Defendants jointly and severally in whatever amounts he is found to be entitled as determined by the trier of fact together with punitive and/or exemplary damages, costs, interest and actual attorney fees.

Respectfully submitted,
*Robinson & Associates, P.C.*

**David A. Robinson (P 38754)**
**Theophilus E. Clemons (P 47991)**
Attorneys for the Plaintiff
28145 Greenfield Rd, Ste 100
Southfield, MI 48076
(248) 423-7234

Dated:   December 3, 2007

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**AARON FRANCIS BORCK,**

        Plaintiff,

                                **Case No.**
                                **Honorable:**
                                **Magistrate**

v.

**COUNTY OF LENAWEE,** a Municipal Corporation,
**SHERIFF LAWRENCE RICHARDSON, JR.,**
**BONIE MASON, SGT. MARY LOUISE NEILL,**
**GUARD HENRY (last name unknown) AND PATTY (last name unknown)**
in their individual and official capacities,
        Defendants,
_____/

**DAVID A. ROBINSON P 38754**
*ROBINSON AND ASSOCIATES, P.C.*
Attorney for Plaintiff
28145 Greenfield Rd., Suite 100
Southfield, MI 48076
(248) 423-7234
_____/

## JURY DEMAND

        NOW COMES Plaintiff AARON BORCK, by and through his undersigned attorneys, and hereby demand a trial by jury of each and every matter at issue in the above-entitled cause.

                                              Respectfully submitted,
                                              *Robinson & Associates*, P.C.

                                              _____
                                              **David A. Robinson (P 38754)**
                                              **Theophilus E. Clemons (P 47991)**
                                              Attorneys for the Plaintiff
                                              28145 Greenfield Rd, Ste 100
                                              Southfield, MI 48076
                                              (248) 423-7234

Dated: December 3, 2007

JS 44 11/99 **CIVIL COVER SHEET** COUNTY IN WHICH THIS ACTION AROSE:

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

**I. (a) PLAINTIFFS**
AARON FRANCIS BORCK

**DEFENDANTS**
COUNTY OF LENAWEE, a Municipal Corporation,
SHERIFF LAWRENCE RICHARDSON, JR.,
BONIE MASON, SGT. MARY LOUISE NEILL,
HENRY AND PATTY DOES 1-4,
in their individual and official capacities,

(b) County of Residence of First Listed

County of Residence of First Listed

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

(C) Attorney's (Firm Name, Address, and Telephone Number)
Robinson & Associates, P.C.
28145 Greenfield Rd., Ste. 100
Southfield, MI 48076 (248) 423-7234

Case: 2:07-cv-15124
Judge: Battani, Marianne O
Referral MJ: Whalen, R. Steven
Filed: 12-03-2007 At 01:42 PM
CMP BORCK V COUNTY OF LENAWEE, ET AL (EW)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [X] Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP** (For Diversity Cases Only)

| | PLA | DEF | | PLA | DEF |
|---|---|---|---|---|---|
| Citizen of This State | X | | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury - Product Liability | | | ☐ 450 Commerce/ICC |
| ☐ 150 Recovery of Overpayment and Enforcement of Judgment | ☐ 320 Assault Libel And Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| | | | ☐ 640 R.R. & Truck | | ☐ 470 Racketeer Influenced & Corrupt Organizations |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs. | ☐ 820 Copyrights | |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | | ☐ 385 Property Damage Product Liability | | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 240 Torts to Land | | ☐ 530 General | ☐ 790 Other Labor Litigation | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ X Other Civil Rights | ☐ 535 Death Penalty | | | |
| ☐ 290 All Other Real Property | | ☐ 540 Mandamus & Other | ☐ 791 Emp. Ret. Inc. Security Act | ☐ 871 IRS-Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- [X] Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multi district Litigation
- [ ] 7 Appeal to District Judge from Magistrate

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.
42 U.S.C. 1983; 42 U.S.C. 1988; Fourth and Eighteenth Amendments

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    $ DEMAND $75,000.00    CHECK YES only if demanded in complaint: X

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 11-21-07    SIGNATURE OF ATTORNEY OF RECORD [signature]

## PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed? ☐ Yes ☐ No

    If yes, give the following information:

    Court: _____

    Case No.: _____

    Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.) ☐ Yes ☐ No

    If yes, give the following information:

    Court: _____

    Case No.: _____

    Judge: _____

Notes :