# EXHIBIT 2

Westlaw.

111 Fed.Appx. 28                                                          Page 1
111 Fed.Appx. 28, 2004 WL 2283813 (C.A.1 (R.I.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 111 Fed.Appx. 28, 2004 WL 2283813 (C.A.1 (R.I.)))**

**H**
This case was not selected for publication in the
Federal Reporter.

Not for Publication in West's Federal Reporter.

See Fed. Rule of Appellate Procedure 32.1 gener-
ally governing citation of judicial decisions issued
on or after Jan. 1, 2007. See also First Circuit Rule
32.1.0. (Find CTA1 Rule 32.1)

United States Court of Appeals,
First Circuit.
Ronald BOURDEAU, et al., Plaintiffs, Appellants,
v.
A.T. WALL, Ridoc Director, Defendant, Appellee.
**No. 03-2418.**

Oct. 12, 2004.

**Background:** Inmates brought § 1983 action
against Director of Rhode Island Department of
Corrections, alleging inmates were being injured by
environmental tobacco smoke. The United States
District Court for the District of Rhode Island, Ern-
est C. Torres, J., accepted report and recommenda-
tion of United States Magistrate Judge, 2003 WL
22358649, granting summary judgment to Director.
Inmates appealed.

**Holding:** The Court of Appeals held that Director
was not deliberately indifferent to inmates' health
and welfare.
Affirmed.

West Headnotes

**Prisons 310 ⊙═160**

310 Prisons
    310II Prisoners and Inmates
        310II(B) Care, Custody, Confinement, and
Control
            310k160 k. Tobacco. Most Cited Cases
    (Formerly 310k17(1))

**Sentencing and Punishment 350H ⊙═1536**

350H Sentencing and Punishment
    350HVII Cruel and Unusual Punishment in Gen-
eral
        350HVII(H) Conditions of Confinement
            350Hk1536 k. Hazardous and Unhealthful
Conditions. Most Cited Cases
Director of Rhode Island Department of Correc-
tions was not deliberately indifferent to inmates'
health and welfare on ground that inmates were be-
ing injured by environmental tobacco smoke at
prison, where some months after inmates filed their
complaint asserting that they were being injured by
environmental tobacco smoke, Director announced
a new policy that would totally ban use of tobacco
products at prison, and as long ago as October
1999, he had authorized an investigation into pos-
sibility of totally banning such products. U.S.C.A.
Const.Amend. 8.

**\*28** Appeal from the United States District Court
for the District of Rhode Island, Ernest C. Torres,
U.S. District Judge.Ronald Bourdeau and Anthony
P. Meo on brief pro se.

Patrick C. Lynch, Attorney General, and Thomas
A. Palombo, Assistant Attorney General on
Memorandum in Support of Motion for Summary
Disposition.

**\*29** Before TORRUELLA, LIPEZ and HOWARD,
Circuit Judges.

PER CURIAM.

**\*\*1** Appellants Anthony Meo and Ronald
Bourdeau, inmates at the Adult Correctional Institu-
tion in Rhode Island, appeal from the district court's
grant of summary judgment in favor of Ashbel T.
Wall, Director of the Rhode Island Department of
Corrections. By order dated October 8, 2003, the
district court accepted the September 11, 2003 Re-

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

111 Fed.Appx. 28                                                                                          Page 2
111 Fed.Appx. 28, 2004 WL 2283813 (C.A.1 (R.I.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 111 Fed.Appx. 28, 2004 WL 2283813 (C.A.1 (R.I.)))**

port and Recommendation of a magistrate judge, recommending the grant of summary judgment. We affirm, agreeing substantially with the reasoning in the Report that the undisputed facts showed no **deliberate indifference** to appellants' health and welfare on Wall's part. Some months after appellants filed their complaint asserting that they were being injured by environmental tobacco smoke at the prison, Wall announced a new policy that would totally ban the use of tobacco products at the prison as of February 2003. Moreover, as long ago as October 1999, he had authorized an investigation into the possibility of totally banning such products.

In the following, we briefly address the appellants' arguments directed to this issue. Our appellate standard is well-known. *Rosen Construction Ventures, Inc. v. Mintz, Levin, Cohn, Ferris, Glovsky and Popeo. P.C.,* 364 F.3d 399, 404 (1st Cir.2004) (court reviews grant of summary judgment de novo and summary judgment is proper where the record discloses "no genuine issue as to any material fact and that the moving party is entitled to judgment as matter of law") (citing Fed.R.Civ.P. 56(c)).

1. Appellants dispute certain facts, which were included in Wall's statement of undisputed facts to the district court. They also claim that Wall's failure to respond to certain grievances they filed in the fall of 2001 regarding the environmental tobacco smoke in their unit shows his **deliberate indifference** to their health and welfare. But they fail to elaborate adequately on either argument, and we have found nothing in the record that would suggest that Wall was deliberately indifferent to their medical or health needs.

2. Appellants contend that the district court erroneously admitted evidence that Wall had promulgated a total ban on the use of tobacco products at the prison, effective February 3, 2003. But the rule of evidence they cite is not applicable since Wall offered that evidence to show that he was *not* culpable as alleged. *See* Fed.R.Evid. 407, 1972 Adv. Comm. Notes ("Exclusion is called for only when the evidence of **subsequent remedial** measures is

offered as proof of negligence or culpable conduct.")

3. Appellants assert that Wall knowingly violated state law declaring smoking to be a public nuisance. *See* R.I. Gen. Laws § 23-20.6-1 and .6-2. But his total ban on the use of tobacco at the prison was consistent with that law, as was the earlier more limited restriction on smoking which became effective in 1995 while he was Assistant Director for Administration.

*Affirmed.*

C.A.1 (R.I.),2004.
Bourdeau v. Wall
111 Fed.Appx. 28, 2004 WL 2283813 (C.A.1 (R.I.))

END OF DOCUMENT

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.